UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

V.                                                            CRIMINAL ACTION NO.
                                                                   3:00CR00004-J

BRUCE MACKENZIE

**MEMORANDUM OPINION**

This matter is before the Court on Mr. MacKenzie's motion for relief from judgment and application for writ of audita querela. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the motion and application should be denied.

Mr. MacKenzie entered a plea of guilty to charges of bank robbery and use of a firearm. The Court granted his motion to reduce his 471 month sentence pursuant to Fed.R.Crim.P. 35(b), and in early 2002, the Court imposed a sentence of a total of 447 months imprisonment. There was no appeal. Subsequently, Mr. MacKenzie filed a motion under Fed.R.Civ.Pro. 60(b), seeking vacation of his sentence "because the procedure ... used ... is no longer equitable" as a result of the case of Blakely v. Washington, 542 U.S. 2004.

The United States contends that Fed.R.Civ.P.60(b) may not be used to attack the judgment, given that Rule 60 is not applicable to criminal proceedings. Thereafter, Mr. MacKenzie filed his Application for Audita Querela, raising the same substantive argument through another procedural means. Regardless of the procedural approach to the matter, however, Mr. MacKenzie's claim is simply without merit.

      In <u>Blakely v.Washington</u>, 524 U.S. 296 (June 24, 2004), the Supreme Court determined that a state sentencing scheme that included enhancements above base levels implicated the right to jury determination.  In <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), the Supreme Court applied <u>Blakely</u> to the United States Sentencing Guidelines, and ruled that they were advisory only.  The outstanding question was whether <u>Blakely</u> and <u>Booker</u> would be retroactively applicable.  In <u>Humphress v. United States</u>, 398 F.3d 855 (6th cir. 2005) (cert. den. 126 S.Ct. 199),  the Sixth Circuit ruled that <u>Booker</u> does not apply collaterally to a federal defendant whose convictions were final at the time of its pronouncement.   As Mr. MacKenzie's conviction was final in 2002,  prior to both <u>Blakely</u> and <u>Booker</u>, the ruling is inapplicable to his case.

      An order in conformity has this day entered.