UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Plaintiff, |
| v. | Criminal Action No. 3:00-cr-04-DJH-HBB |
| BRUCE C. MACKENZIE, | Defendant. |

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Upon motion of Defendant Bruce C. Mackenzie for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and in light of recent Sixth Circuit decisions that directly address arguments identical to the ones raised by the defendant, the Court will deny Mackenzie's motion for compassionate release.

**I.**

Mackenzie pleaded guilty in March 2000 to five counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and two counts of using a firearm while committing a crime of violence in violation of 18 U.S.C. § 924(c).[1]  (Docket No. 18; D.N. 74, PageID # 208–09) Mackenzie was sentenced to 471 months in prison.[2]  (*Id.*, PageID # 209)  Eighty-seven of those months were for his five armed-robbery convictions.  (D.N. 20)  As for the other 384 months, the then-applicable version of 18 U.S.C. § 924(c) required the district court to impose a consecutive

---

[1] The details of Mackenzie's underlying conviction and original sentence are recounted in the Findings of Fact, Conclusions of Law, and Recommendation (D.N. 74) prepared by Magistrate Judge H. Brent Brennenstuhl in December 2018 in response to the defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (D.N. 54).  The Court adopted Judge Brennenstuhl's factual findings in its order denying the defendant's motion to vacate (D.N. 75), and those findings remain undisputed for purposes of the present motion.

[2] Senior Judge Edward H. Johnstone was the original sentencing judge in this matter.  (*See* D.N. 20)  This case was reassigned to the undersigned in December 2016.  (*See* D.N. 51)

1

sentence for each of Mackenzie's two convictions for using a firearm during a crime of violence; his first § 924(c) conviction triggered an eighty-four-month mandatory sentence, *see* 18 U.S.C. § 924(c)(1)(A)(ii) (2000) (mandating a sentence of "not less than 7 years" if a "firearm is brandished" during the commission of a "crime of violence"), and his second such conviction triggered a 300-month mandatory sentence, *see id.* § 924(c)(1)(C)(i) (2000) (amended 2018) (mandating a separate twenty-five-year consecutive sentence for each "subsequent conviction" under § 924(c)). (D.N. 20) Mackenzie's sentence was later reduced by the district court to 447 months pursuant to Federal Rule of Criminal Procedure 35(b). (D.N. 35; D.N. 74, PageID # 209)

Mackenzie now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[3] (D.N. 89) Given recent changes made to § 924(c)'s penalty provisions by the First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22, Mackenzie notes that if he were convicted of two violations of § 924(c) in the same prosecution today, he would not be subject to a mandatory, consecutive sentence of 300 months for the second such conviction. (*Id.*, PageID # 261–62) And he argues that this "disparity" between his current sentence and the sentence he would receive under the amended version of § 924(c), "combined with [his] significant post-sentencing rehabilitation efforts, support[s] a reduction in [his] sentence to time served." (D.N. 99, PageID # 382)

The United States disagrees with Mackenzie's contention that the First Step Act's amendments to § 924(c) warrant compassionate release. (*See* D.N. 94, Page ID # 353) It argues that because these amendments are non-retroactive by their express terms and because Mackenzie

---

[3] Mackenzie initially filed a *pro se* motion for appointment of counsel, which the Court also construed as a motion for compassionate release. (D.N. 79; D.N. 81) Mackenzie later retained counsel and moved for leave to file an amended compassionate-release motion, which the Court granted. (D.N. 85; D.N. 88) Mackenzie then filed an amended motion for compassionate release (D.N. 89), which is the motion currently before the Court.

2

was sentenced well before the First Step Act's enactment in 2018, any changes made by the Act to the minimum sentences mandated by § 924(c) are "inapplicable to . . . Mackenzie." (*Id.*) As a result, the government contends, Mackenzie's sentence is "neither extraordinary nor compelling," and allowing him "to secure retroactive application" of an expressly non-retroactive change in sentencing law would "defy" Congress's "explicit . . . intent." (*Id.*, PageID # 362)  Furthermore, the United States maintains that in light of the sentencing factors set forth in 18 U.S.C. § 3553(a), compassionate release is "improper" in Mackenzie's case because reducing his sentence would, among other concerns, fail to "reflect the seriousness of [his] crimes, deter hi[m] from criminal activity, or protect the public." (*Id.*, PageID # 365)  The United States concedes that Mackenzie has exhausted his administrative remedies as required by § 3582(c)(1)(A) (*Id.*, PageID # 356–57), and his motion is therefore ripe for review.  *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (describing § 3582(c)(1)(A)'s exhaustion requirement as a "mandatory claim-processing rule[]" that must be satisfied by a prisoner seeking compassionate release on his or her own behalf).

## II.

A court considering a compassionate-release motion "must engage in a three-step inquiry." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (internal quotation marks omitted).  It must first determine "whether 'extraordinary and compelling circumstances warrant' a sentence reduction." *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).  Second, the court must "find whether 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* at 1108 (quoting § 3582(c)(1)(A)) (internal alterations omitted).  Third, the court must consider "any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one

and two] is warranted in whole or in part under the particular circumstances of the case." *Id.* (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)) (alterations in original); *see* § 3582(c)(1)(A). Given the "absence of an applicable [Sentencing Commission] policy statement for inmate-filed compassionate-release motions," *Elias*, 984 F.3d at 519, federal judges considering such motions "may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling.'" *Jones*, 980 F.3d at 1111. If each of § 3582(c)(1)(A)'s requirements is met, "the district court 'may reduce the term of imprisonment,' but need not do so." *Elias*, 984 F.3d at 518 (quoting § 3582(c)(1)(A)). Alternatively, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 519.

## A.

Here, Mackenzie and the United States disagree about whether Mackenzie has established that "extraordinary and compelling reasons" warrant a reduction in his sentence, *see* § 3582(c)(1)(A)(i). (*See* D.N. 89, PageID # 261–62; D.N. 94, PageID # 353, 359) Mackenzie asserts that "[t]he extraordinary and compelling circumstances presented" in his case "are the significant sentencing disparit[ies] created" by the First Step Act's amendments to the penalty provisions in § 924(c), the statute under which Mackenzie was convicted and sentenced in 2000. (D.N. 89, PageID # 261–62) The United States argues, however, that these non-retroactive amendments are inapplicable to Mackenzie and therefore cannot constitute an "extraordinary and compelling reason" rendering him eligible for compassionate release. (*See* D.N. 94, PageID # 353, 359)

Section 924(c)(1)(A) provides that "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a

firearm, shall . . . be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A)(i). And the mandatory minimum sentence increases to seven years "if the firearm is brandished." *Id.* § 924(c)(1)(A)(ii). Before 2018, § 924(c)(1)(C) provided that "[i]n the case of a second or subsequent conviction under this subsection, [a defendant] shall . . . be sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C)(i) (2012) (amended 2018). The Supreme Court had interpreted that provision as requiring that "the 25-year mandatory-minimum sentence attach[] when a defendant is convicted of multiple § 924(c) counts in the same proceeding." *United States v. Richardson*, 948 F.3d 733, 745 (6th Cir. 2020) (describing the holding in *Deal v. United States*, 508 U.S. 129 (1993)). Consequently, when a defendant was convicted in the same prosecution on two separate counts of using or carrying a firearm while committing a "crime of violence," § 924(c)(1)(A)—as Mackenzie was in 2000 (D.N. 74, PageID # 208–09)—the first conviction triggered a minimum prison sentence "of not less than 5 years" (or "not less than 7 years" if the "firearm [was] brandished"), 18 U.S.C. § 924(c)(1)(A)(i)–(ii), and the second conviction triggered a minimum sentence of "not less than 25 years," *id.* § 924(c)(1)(C)(i) (2012) (amended 2018). And the minimum sentences mandated by § 924(c) must run consecutively both to each other and to the sentence imposed for the underlying crime of violence. *See* § 924(c)(1)(D)(ii).

The First Step Act of 2018 amended § 924(c)'s penalty provisions, however, such that "the escalating mandatory-minimum sentences for a second or subsequent § 924(c) conviction apply only to defendants who have a prior final § 924(c) conviction." *United States v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021); *see* First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221–22 (2018) (codified at § 924(c)(1)(C)). In other words, under the amended law, a twenty-five-year mandatory sentence is triggered only if a defendant is convicted under § 924(c) after

already having been convicted under that statute in a prior proceeding. *See* 18 U.S.C. § 924(c)(1)(C) (2018) (providing that a "person shall" receive a twenty-five-year minimum sentence only "[i]n the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final"). Mackenzie therefore correctly points out that if he were sentenced today for the same crimes to which he pleaded guilty in 2000, he would not be subject to a twenty-five-year mandatory sentence for his second § 924(c) conviction, and his prison sentence would be substantially shorter than the one he is currently serving.[4] (D.N. 89, PageID # 262)

Importantly, the First Step Act's amendments to § 924(c)'s penalty provisions are non-retroactive per the Act's express terms. *See Owens*, 996 F.3d at 759. Indeed, the Act provides in relevant part that "the amendments made by this section[] shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act § 403(b). And the Sixth Circuit has interpreted this provision as providing that "[d]efendants sentenced after December 21, 2018"—the date the First Step Act was enacted into law—"may benefit from Congress's amendment to § 924(c), but defendants sentenced before that date cannot." *Richardson*, 948 F.3d at 748; *see also United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021) (deeming the First Step Act's changes to another statutory sentencing provision "inapplicable" to a defendant whose sentence had been

---

[4] To illustrate, Mackenzie was originally sentenced to 471 months, or just over thirty-nine years, in prison. (D.N. 74, PageID # 208–09)  Yet if he were sentenced under the amended version of § 924(c), his sentence would at most be 255 months, or just over twenty-one years: eighty-seven months for his five armed robbery convictions (assuming this discretionary portion of his sentence were to remain unchanged), eighty-four months for his first § 924(c) conviction, and eighty-four months for his second such conviction. *See* § 924(c)(1)(A)(ii) (mandating a seven-year sentence of imprisonment if a defendant brandishes a firearm while committing a "crime of violence"); *id.* § 924(c)(1)(D)(ii) (requiring that all sentences imposed under § 924(c) run consecutively to each other).

imposed before the Act's enactment). In its response to Mackenzie's motion, the United States echoes this point, arguing that because Mackenzie was sentenced well before the First Step Act's amendments to § 924(c) became law, those amendments "do not apply" to him and thus cannot constitute an "extraordinary and compelling reason[]" for granting Mackenzie compassionate release. (D.N. 94, PageID # 353, 359–60) Mackenzie counters that the Court "has the discretion to determine [that] the sentencing disparity created by the First Step Act, in combination with [his] rehabilitative efforts, qualifies as [an] extraordinary and compelling circumstance[]" warranting such relief. (D.N. 99, PageID # 381)

**B.**

The parties' dispute here thus hinges on a dispositive legal question, namely, whether the First Step Act's non-retroactive amendments to § 924(c)'s penalty provisions can constitute an "extraordinary and compelling reason[]" for compassionate release under § 3582(c)(1)(A). The Sixth Circuit has addressed this question in several recent decisions, and the answers it provided were, until recently, somewhat ambiguous. In *United States v. Owens*, 996 F.3d 755 (6th Cir. 2021), for instance, a divided panel held that "in making an individualized determination about whether extraordinary and compelling reasons merit compassionate release, a district court may include, along with other factors, the disparity between a defendant's actual sentence and the sentence that he would receive if the First Step Act applied." *Owens*, 996 F.3d at 760. Yet in *United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021), another divided panel held that the First Step Act's "text . . . does not permit us to treat the . . . Act's non-retroactive amendments, whether by themselves or together with other factors, as 'extraordinary and compelling' explanations" for compassionate release. *Jarvis*, 999 F.3d at 445.

This "apparent inconsistency" between *Owens* and *Jarvis* prompted the Court to order in late June 2021 that Mackenzie's motion for compassionate release "be held in abeyance until a motion for rehearing en banc is filed and resolved in *Jarvis*, or until the deadline to file such a motion has passed." (D.N. 100) The Sixth Circuit subsequently denied a petition for an en banc rehearing of *Jarvis* on September 8, 2021. *See* Order, *United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021) (No. 20-3912), ECF No. 41.

In a published decision released on August 30, 2021, however, the Sixth Circuit made clear that "non-retroactive changes in the law cannot be relied upon as 'extraordinary and compelling' explanations for a sentence reduction" under § 3582(c)(1)(A)(i), "regardless of whether the legal changes are offered alone or combined with other personal factors." *United States v. Hunter*, 12 F.4th 555, 568 (6th Cir. 2021); *see also id.* ("[T]he phrase 'extraordinary and compelling reasons' in § 3582(c)(1)(A)(i) is not a license to override the non-retroactivity of any statute, Guideline, or Supreme Court decision whenever a district court believes that the non-retroactive nature of the law is unfair or inequitable."). And included among the "non-retroactive changes in the law" that cannot be considered in the "extraordinary and compelling reasons"-analysis are the First Step Act's amendments to the penalty provisions in § 924(c). *See id.* at 563 (asserting that the Sixth Circuit held in *Jarvis* and earlier cases "that the non-retroactive statutory reforms in the First Step Act of 2018—as a matter of law—cannot be used to find 'extraordinary and compelling reasons' for a sentence reduction under § 3582(c)(1)(A)(i)"). Accordingly, the disparity between Mackenzie's current sentence and the one he would receive if he were sentenced today under the

First Step Act cannot factor into the Court's analysis of whether Mackenzie has shown an "extraordinary and compelling reason" warranting a sentence reduction under § 3582(c)(1)(A).[5]

That leaves Mackenzie's "rehabilitative efforts" as the lone potential basis for compassionate release. (*See* D.N. 99, PageID # 381) But regardless of whether such efforts are sufficiently "extraordinary," "Congress was emphatically clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason'" under § 3582(c)(1)(A). *Hunter*, 12 F.4th at 572 (quoting 28 U.S.C. § 994(t)) (alteration in original); *see also United States v. Potter*, No. 3:09-CR-138, 2021 WL 3276152, at *4 (E.D. Tenn. July 30, 2021) ("Rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason for compassionate release.") (citing 28 U.S.C. § 994(t)).

In sum, Mackenzie has failed to establish that "extraordinary and compelling reasons" warrant a sentence reduction under § 3582(c)(1)(A). And because such a showing is a prerequisite

---

[5] Several courts in this district and elsewhere in the Sixth Circuit have reached a similar conclusion in the wake of *Jarvis* and *Hunter*. *See, e.g.*, *United States v. Marks*, No. 3:97-CR-24, 2021 WL 4554488, at *3–4 (W.D. Ky. Oct. 5, 2021) (concluding that a sentencing disparity created by the First Step Act "does not weigh in favor of a reduced sentence," citing *Hunter* and *Jarvis*); *United States v. Gaines*, No. 3:13-CR-50, 2021 WL 4492855, at *5 (W.D. Ky. Sept. 30, 2021) (doing the same); *United States v. Wojciechowski*, No. 3:12-CR-104, 2021 WL 2604041, at *5 (W.D. Ky. June 24, 2021) (treating as binding *Jarvis*'s holding that the First Step Act's non-retroactive amendments cannot amount to an "extraordinary and compelling reason" for a sentence reduction whether alone or in combination with other factors); *see also United States v. Nelson*, No. 1:08-CR-68, 2021 WL 4306100, at *5 (S.D. Ohio Sept. 22, 2021) (concluding that *Hunter* "closed the door on [the] argument that a non-retroactive change in law can constitute extraordinary and compelling reason to reduce a sentence under § 3582(c)(1)(A)"); *United States v. Beigali*, No. 07-20490, 2021 WL 3560889, at *4 (E.D. Mich. Aug. 12, 2021) (concluding that the argument that the First Step Act's amendments to § 924(c)'s penalty provisions amount to an extraordinary and compelling reason for compassionate release is "foreclosed" by *Jarvis*); *United States v. Potter*, No. 3:09-CR-138, 2021 WL 3276152, at *4 (E.D. Tenn. July 30, 2021) ("Thus, under the precedent established by *Tomes* and *Jarvis*, this Court cannot consider the non-retroactive amendment to penalties imposed for stacked § 924(c) convictions as extraordinary and compelling, whether standing alone or in conjunction with other factors.").

9

for compassionate release, his motion for such relief must be denied as a result.[6] *See Elias*, 984 F.3d at 519 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The amended motion for compassionate release (D.N. 89) is **DENIED** after a complete review of the motion on the merits.

(2) Mackenzie's initial motion for compassionate release (D.N. 79) is **DENIED** as moot.

October 27, 2021

David J. Hale, Judge
United States District Court

---

[6] As this issue is dispositive of Mackenzie's motion for compassionate release, the Court need not separately "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Jones*, 980 F.3d at 1101; *see Elias*, 984 F.3d at 519.